```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT
```

United States of America    :
                            :
   v.                       :        File No. 2:04-CR-28
                            :
David Spalding              :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 26)

Defendant David Spalding has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Spalding argues (1) that his attorney should not have allowed him to sign a plea agreement waiving his rights to a direct appeal and post-conviction review, and (2) that his sentence violated his Sixth Amendment rights as set forth in United States v. Booker, 125 S. Ct. 738 (2005).  The government has opposed the motion, noting that Spalding's plea agreement did not waive his rights as he alleges.  The government also argues that Spalding has defaulted on his Booker claims, and that the sentence imposed by the Court was supported by Spalding's own admission.  For the reasons set forth below, I recommend that Spalding's motion (Paper 26) be DENIED.

### Factual Background

On February 11, 2004, Spalding was indicted in an

eight count indictment charging him with conspiracy to distribute cocaine, distribution of cocaine and possession of cocaine with intent to distribute.  On August 30, 2004, he signed a plea agreement and entered a plea of guilty to one count of conspiracy to distribute cocaine.  The plea agreement included the parties' stipulation to the fact that "the offense of conviction involved between 300 and 400 grams of cocaine."  Spalding further agreed that he would be sentenced according to the Federal Sentencing Guidelines.  The plea agreement did not waive Spalding's rights to either a direct appeal or to collateral review.

On January 10, 2005, Spalding appeared before Judge Sessions for sentencing.  Although the parties had a dispute about whether Spalding would receive a gun enhancement under the Sentencing Guidelines, that dispute was resolved prior to sentencing.  Accordingly, Spalding and his attorney both confirmed that they had no objections to the pre-sentence report ("PSR").  The Court adopted the PSR's finding that the offense involved at least 300 grams of cocaine, resulting in a base offense level of 22.  After applying a three-level deduction,

with a resulting Guideline range of 63-78 months, the Court sentenced Spalding to 63 months in prison and three years of supervised release.  Spalding did not appeal his sentence.

## Discussion

I.  Legal Standard

To prevail in a habeas corpus motion under § 2255, a defendant must demonstrate (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  If there was no direct appeal, a § 2255 motion is procedurally barred unless it is based on constitutional or jurisdictional claims or would result in a "complete miscarriage of justice."  Johnson v. United States, 313 F.3d 815, 817 (2d Cir. 2002).  In addition, a defendant may not assert a claim in a § 2255 motion that he or she failed to raise on direct appeal unless the defendant shows cause for the omission and prejudice resulting therefrom, or actual

innocence.  See Bousley v. United States, 523 U.S. 614, 622 (1998); Campino v. United States, 968 F.2d 187, 190-91 (2d Cir. 1992).  One exception to this rule is that a claim for ineffective assistance of counsel may be brought regardless of whether it was raised on direct appeal.  Massaro v. United States, 538 U.S. 500, 504 (2003).

II.  Ineffective Assistance of Counsel

"[T]he proper standard for attorney performance is that of reasonably effective assistance."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.  See Kimmelman v. Morrison, 477 U.S. 365, 374 (1986).  Thus, a defendant must establish (1) that counsel made errors so serious that he was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense.  See Hernandez v. United States, 202 F.3d 486, 488 (2d Cir. 2000) (citing Strickland, 466 U.S. at 687-691)).

In this case, Spalding claims that he was wrongly advised to enter into a plea agreement that included a waiver of "all appellate and post-conviction rights." (Paper 26 at 2). His plea agreement, however, contains no such waiver. (Paper 32-2). Moreover, Spalding did not waive his right to appeal at sentencing, and was advised by the Court at the close of the sentencing hearing that he had a right to appeal, to proceed *in forma pauperis*, and to appointed counsel. (Paper 32-4 at 15-16). Spalding's ineffective assistance argument is, therefore, without merit and should be DENIED.

III. *Booker* Claim

Spalding next argues that his sentence was based on a drug amount that was not proven to a jury or admitted by the defendant, and that it therefore violated the Supreme Court's holding in Booker. The government counters this argument on two grounds, arguing first that Spalding's failure to present his Booker claim on appeal renders his motion procedurally defaulted. The government further asserts that Spalding specifically admitted to his drug amount and agreed to be sentenced according to the Federal Sentencing Guidelines.

5

The first issue is whether Booker applies to Spalding's sentence.  The Second Circuit has held that Booker is "not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date Booker issued."  Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005).  Spalding's sentencing hearing was held on January 10, 2005, but his sentence did not become final until his period for appeal expired on January 21, 2005.  See Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000).  Therefore, his sentence was subject to the Booker decision.

The government claims that Spalding's Booker claim is procedurally barred because he did not bring a direct appeal.  As noted above, a procedural default may be excused if the petitioner demonstrates either (1) cause and prejudice or (2) that he is actually innocent.  See Fountain v. United States, 357 F.3d 250, 254 (2d Cir. 2004) (citing Bousley, 523 U.S. at 622).  Spalding has not responded to the government's argument, and has therefore failed to provide any basis for excusing his default.

6

Although Booker was decided only days before Spalding's time to appeal expired, this fact does not constitute cause for Spalding's default.  Indeed, it is clear from the record that the Court and the parties were aware of the issues being considered in Booker, and of the fact that a Supreme Court decision on these issues was imminent.  Booker held, in part, that "if the Guidelines required a judge to increase a defendant's sentence based on judicially found facts, they would run afoul of the defendant's Sixth Amendment rights as articulated in [Blakely v. Washington, 542 U.S. 296 (2004)]."  Gallego v. United States, 2005 WL 1398089, at *2 (E.D.N.Y. 2005) (citing Booker, 125 S. Ct. at 764).  The decision also "severed the provision of the Federal Sentencing Act that made the Guidelines mandatory."  Id.  At the sentencing hearing, the Court specifically referenced these very issues.

> I last want to say that regardless of what
> determination is made under the, as to the
> federal sentencing guidelines, if the guidelines
> had become advisory, or in light of the fact
> that there are no Blakely issues, I would have
> imposed the same sentence that I imposed today.
> So, any ultimate determination is not meaningful
> in your case.

(Paper 32-4 at 16).  Despite the Court's implicit

7

acknowledgment that the Guidelines and <u>Blakely</u> were under review, Spalding failed to bring an appeal once <u>Booker</u> was decided.

Furthermore, Spalding has failed to show prejudice resulting from his failure to appeal.  In the parties' plea agreement, Spalding stipulated that his offense involved between 300 and 400 grams of cocaine.  His sentence was based upon a quantity of 300 grams.  When a defendant admits to a fact in his plea agreement, the <u>Blakely</u>/<u>Booker</u> Sixth Amendment issue pertaining to judicial fact-finding does not apply.  <u>See</u> <u>United States v. Montsalve</u>, 388 F.3d 71, 73 (2d Cir. 2004) (when defendant is sentenced based upon admissions in plea agreement, "the constitutional requirement of a sentence based solely on facts admitted by the defendant set forth in <u>Blakely</u> have been satisfied").  Consequently, judicial fact-finding with respect to drug quantity was not an issue at sentencing.

Moreover, the Court clearly stated at sentencing that, even if the Guidelines were only advisory, the same sentence would have been imposed.  (Paper 32-4 at 16).  The Court also appropriately noted that there was no

Blakely issue in this case.  Id.  Therefore, Spalding cannot show that he was prejudiced by the lack of a direct appeal.

Finally, Spalding does not argue that he is actually innocent.  His only claims are with regard to the alleged waiver in the plea agreement and the fact that his drug quantity was not proven to a jury.  Absent a showing of either cause and prejudice or actual innocence, Spalding is barred from challenging his sentence in a habeas petition.  Fountain, 357 F.3d at 254.  I therefore recommend that his motion be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Spalding's motion for a writ of habeas corpus (Paper 26), filed pursuant to 28 U.S.C. § 2255, be DENIED.

Dated at Burlington, in the District of Vermont, this 21st day of July, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all

parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).